IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FREDERICK UPSHAW, Jr.,

    Plaintiff,

v.                                                     CV No. 18-1233 MV/CG

BOARD OF REGENTS OF
NEW MEXICO STATE UNIVERSITY,

    Defendant.

## **STIPULATED CONFIDENTIALITY ORDER**

**THIS MATTER** is before the Court on the parties' *Joint Motion Entry of Confidentiality Order*, (Doc. 26), filed September 3, 2019, and the agreement of the parties reflected herein, the Court hereby finds good cause and **ORDERS** as follows:

    1.    Defendant may provide certain otherwise confidential documents to counsel for Plaintiff, including but not limited to documents from personnel files, internal affairs investigations and other documents, which documents shall be subject to this Order and any further Orders of the Court regarding such documents. Unless allowed otherwise by court order written agreement among all counsel of record, the documents provided pursuant to this Order shall not be disclosed, disseminated or revealed by any counsel except to claims adjusters and named parties; provided, that counsel may provide such documents to expert witnesses (to the extent that such documents are reasonably necessary to the formation of an expert opinion) and named parties only upon their express prior agreement to comply with the terms of this Order of else be subject to a show cause order to appear before the Court and face possible sanctions. If any party wishes to attach any of the confidential documents to a pleading, motion, brief

or other paper to be filed in this cause, that party shall file the document under seal in accordance with the Federal Rules of Civil Procedure and the Local Rules for the District of New Mexico. This Order shall govern the use of the subject confidential documents up and until the time of the trial in this case, and the parties shall address the matter or confidential documents in the Pretrial Order and/or otherwise bring the issue to the Court's attention prior to trial, subject to the Court's rulings and/or future modifications of this Order by future orders or written stipulations by the parties. Until that time, the parties shall maintain the confidentiality of all such documents. Nothing herein is intended to or shall affect the issue of the admissibility into evidence of the subject documents, nor shall the production of any documents pursuant to this Order be deemed to be a waiver of any future argument regarding admissibility or non-admissibility.

      2. The party producing documents pursuant to this Order shall specifically designate which documents or categories of documents it considers to be confidential and protected under *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432 (10th Cir.1981) or other asserted basis for confidentiality. The non-producing party shall have (20) twenty days after the receipt of such documents to dispute or challenge such designation, which it must do in writing and with specificity. The producing party shall then have twenty (20) and move the Court to maintain the designation of confidentiality pursuant to this Stipulated Confidentiality Order, if the parties are unable to agree regarding the issue. The confidentiality of the documents at issue will be maintained according to the provisions of this Stipulated Confidentiality Order while any challenge is pending, and until such time as the Court rules or otherwise disposes of such challenge.

3.      Upon the conclusion of this litigation (including any appeal from any judgment or order), and subject to the further Order of the Court or written request of either, each party shall either return to the party which produced the documents all documents that were produced pursuant to the terms of this Stipulated Confidentiality Order and all copies thereof within that party's possession, custody or control, or in the alternative, shall certify to such party in writing that all such documents have been destroyed; the foregoing actions shall be completed within 30 days after the entry of final judgment or final order, or the request of either party.

4.      This order shall continue in force until amended or superseded by express order of the Court and shall survive any final order entered herein.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

APPROVED:

By: _Approved 8/27/2019_                     By: _/s/ Cody R. Rogers_
    Jessica Mendez                                         Cody R. Rogers
    Attorney for Plaintiff                                    Attorney for Defendants